Case number 14-1034, Yatish Joshi and individually as the executor of the estate of Georgina Joshi and member of Yatish Air LLC Petitioner v. National Transportation Safety Board at Elm. Mr. Casey for the petitioner, Mr. Sherrod for the respondent. Thank you. Thank you. Thank you. Thank you.  Your Honor, if I may please the court. This case is about whether the most important activities taken by the NTSB that is investigating fatal airplane crashes and determining the facts of probable causes of those crashes are reviewable ever by anyone. Respondents largely based on a Ninth Circuit case that has never been cited by any court in any jurisdiction for anything say that their actions are not reviewable. Petitioner disagrees. Petitioner's position is that if Section 1153 means anything, it means that a person with a substantial interest in an order such as the NTSB issued has the ability to seek judicial review. Is that the question or is the question whether it's a final order? And we have standards for that. Let's put the Ninth Circuit case to one side. We have standards for that, right? And one of the things that we require is that there be some legal consequences from this. So what are the legal consequences that flow from this? It can't be used in a civil proceeding for damages, right? It can't be submitted as evidence. So what legal consequences flow from this report? Just so we are very clear, that is not at all what we are doing or have any intention of doing. This is not a precursor to any kind of civil litigation. No, that was just illustrative of the limited use of this and whether it is a final order. Well, it is a final order because number one, it's final, meaning that it is the consummation of an agency's decision-making process. They have no intention or they've made no bones about the fact that they're not continuing to investigate this. There's nothing else that they're going to do. As a matter of fact, under their regulations with respect to petitions for reconsideration, once we file the petition for reconsideration, the grounds that we have raised in that petition for reconsideration can't be re-raised. So there is no later time when we can raise this again. There is no, according to them, later venue in which we can actually seek judicial review of this. They're saying there is no point at which this is sufficiently final in terms of being their last word such that it ultimately gives rise to judicial review. As for your question about the rights and obligations, you'll notice that Section 831.4 in their regs specifically says that this is a fact-finding investigation that is not made for the purpose of determining legal rights and obligations. As I'm sure you understand, just because they don't have the purpose of it doesn't necessarily mean that it has no effect. So what are the legal consequences? What rights and obligations have been adjusted? Any of a number of things. Number one, Georgina Joshi is identified on the NTSB's aviation database as being the sole cause of the deaths of five people. It's been up there since 2006. To the world, that is an educational tool that the aviation community uses to understand why accidents happen and who caused them. And the NTSB is broadcasting to the world that Georgina caused them and only Georgina caused them. That is a harm that... What are the legal consequences that flow from that? What rights and obligations have changed? Both the estate and the father of the estate and the company that owned the airplane have the right not to be wrongfully accused of being the deaths of five people. So that's a reputational harm, you're saying? It is some manner of reputational harm, sure. And this court and others have said that reputational injury is certainly sufficient to confer Article III standing. So any time an agency does something that could have reputational harm, you think that makes it a final order? Well, no. What you're asking is what are the rights... You're supposed to be identifying the legal consequences. It's not just that it has to be final. It's not just the consummation of the agency process. Absolutely. It has to have legal consequences. And you identified reputational harm. Well, reputational injury is one. Financial injury is another. What's the financial? Well, we had to do the job. That's the best practical consequences. It is the best practical consequences. We are out north of a million dollars in terms of doing the investigation that the NTSB did. This court, as a matter of fact, I believe Judge Edwards and Americans for Safe Access talked about $140 in co-pays being sufficient injury in order to merit a review of HHS's decision how to classify medical marijuana. Yeah, but that's a very different situation. Litigation call, preparing to litigate and doing an investigation. The Supreme Court has said that's not sufficient. No, what they have said... What they have said, Your Honor, is that the cost of litigating aren't necessarily... It's not the cost of preparing yourself or whatever. It is that you decide to go out and pursue an investigation that no one has obliged or required you to do. It's not sufficient. I mean, at least my reading of Steele Co. and what it's meaning to suggest clearly says that. You can't then come in and say, well, I unilaterally decided to pursue this investigation that no one required me to do, and I spent a lot of money, and therefore here I am. The veteran in Americans for Safe Access unilaterally spent $140 in co-pays because HHS scheduled medical marijuana, and therefore he couldn't get a review. But his claim was that he was entitled to get that benefit from the agency. We are entitled, the airplane community, and in particular the people that are flying the planes that are subject to the investigation, are entitled to an accurate and complete investigation. That's what Section 1131 states. Congress obliges the NTSB to conduct investigations and identify the facts and probable causes. So you see, under your theory, what you're saying is not just this agency, any agency that puts together information and files it is subject to review because when they say we're done, anyone who's distressed with whatever the investigation or review or whatever it was can come in and require us to review it, and what are the standards of review? What are we going to review? Does it start in district court and you create a new record? Does it come to the Court of Appeals? And what are we reviewing? Section 1153 is the best exclusive jurisdiction in the Court of Appeals. I know, but what are we reviewing is what I'm saying. It doesn't make any sense. What are we reviewing? When the agency says, you know, we've looked around. We've done the best we could. This is what our investigation has, and we filed it. There are no consequences that fall to anyone. No one's required to do anything. We're not intending to hurt anyone. This is what we did. And there are agencies that do this all the time. I understand there are agencies that do this, that do somewhat similar things. And we get it wrong all the time. All the time. And if there are no legal consequences, we shrug our shoulders and say that's unfortunate. But imagine we review all such matters. There are consequences that flow to the petitioner. As I said, the reputational harm, the financial harm, the procedural injury. He has a right to have it done the right way. Informational injury, he is a member of the flying community that still flies into that area. You know what your reputational harm would be? If we really have review powers and we say we've looked at it, there's no reason for us to overturn what the agency's done. Now we've confirmed it for the world and put it in Fed Third, and there it is. And then the so-called reputational harm that you're worried about would really exist. Whereas now it's just something in a file, and the agency's not accusing anyone. It is in no way something in a file. It is on their database. It takes three clicks on their database to identify that Georgina Joshi killed five people. That is the reality, the reputational harm. We're not talking about court action here. We're talking about the, from standing purposes, the identifiable trifle that's necessary to confer standing. And assuming we have review authority, you would say what the standard review is substantial evidence. Absolutely. It's arbitrary and capricious and substantial evidence, just like any other review of any type of administrative agency action. And the court is well equipped to do that. The court all the time reviews the record compiled by an administrative agency to determine whether the facts that they have found. We do that in adjudicatory proceedings where there are parties that put together a record. They're contending parties. They're adversaries. And it makes some sense to review in that setting under a substantial evidence. All you have here is an agency is required by Congress to make a record of something that happened. It's not an adjudicatory procedure. It isn't limited to adjudicatory procedures. Anything that is a final order goes well beyond adjudications. Anything that is a final disposition, whether positive or negative, affirmative or declaratory or adjunctive, that ends a matter is a final, is an order. Do you have any authority supporting this? That's 5 U.S.C. 551-6. No, any case authority, because if you're right, one would expect to find it pretty easily. I can't find it. In terms of there are any number of intermediate decisions in the course of an NTSB investigation that courts have deemed to be final and easily susceptible to judicial review. The 10th Circuit in Burnett, the 9th Circuit in Graham, the District Court or the D.C. Circuit in Creed said in all of those instances, for example, the decision to publish the truckers' medical records on their website, that was a final order from the District Court's perspective and carried sufficient consequences to merit review. What court of appeals has issued an opinion that's consistent with your position here? I would say that the 10th Circuit in Burnett and the 9th Circuit in Graham each said that the intermediate decisions, in both those decisions, those were the decisions not to permit a family of a victim to participate in the teardown of an engine after an accident. Those were decisions that were final orders and susceptible to judicial review. What about the, I'm surprised you didn't mention the Tozzi case, where there's a report finding that something may cause cancer. Absolutely. That's another instance. Just a report. That's this court, a couple years ago. That's a little bit, that's not in the NTSB context. I was trying to answer Judge Edwards' question in the NTSB context. But certainly, Tozzi was a situation where the, maybe it was HHS again, deemed that dioxin was a carcinogen. And they published that. And a manufacturer comes in and says, hey, that's going to A, harm the reputation of dioxin, which I'm A, and I'm going to lose money. And the court found that that was perfectly adequate to constitute final agency action. It was just a report. It didn't have any substantive consequences. Along those lines, the FAA issues hazard, no hazard letters all the time, which are deemed to be technical in nature, advisory in nature, having no legal enforceable effect. But what they do is they cause or at least encourage other people to do other things. Which had the NTSB done its investigation properly, they would have been obligated to come up with safety recommendations, which the FAA then is obligated to consider and implement to the extent possible. As in Bennett v. Speer, that was, that's the exact same type of scenario that is, leads to, that is deemed to be final agency action. It was a fish tape report with respect to the fish and wildlife service issued. And the fish and wildlife, on its own, it doesn't do anything. But then the Bureau of Land Management, you know, oftentimes looks to those types of things in terms of determining what to do about a dam, which then leads to, you know, petitioners saying, hey, I, you know, get hurt by the amount of water that I can use. These are interested parties. I mean, it's like Burnett. Burnett had a regulation which said certain parties are entitled to participate in an investigation. The person within that category was excluded. Of course, that kind of person can raise a challenge because the agency has a regulation, and the regulation was violated. Absolutely. So there's nothing here that says, in fact, the regulation here says the opposite, that we're not meaning to produce anything. Well, Your Honor. All the examples you gave, aren't they reports that were being made for an agency action? Right. That was going to determine rights and obligations. Whereas here, the purpose of this and how it's used, it's just a report. It isn't. It's not going to be used. In the ordinary course, what is supposed to be. It's not going to be used by the agency to adjudicate rights and obligations. Is that correct? In the ordinary course, the whole purpose of the probable cause report is to then come up with safety recommendations that you give to the FAA, and the FAA goes and does it. It's precisely the same thing. But it can't be that because they didn't do their job, they're therefore insulated from judicial review. And so what we have here is a situation where the folks that continue to fly into Bloomington, nothing has changed. So to the extent there were problems endemic to Bloomington, by the way, of which my client is one, if there were problems endemic to Bloomington or the air traffic controllers in general in that area, they're still there. Is there a single – I want to make sure I understand your answer because I won't read it again if you have an answer. Is there a single court of appeals or Supreme Court case that has said the end result of the investigation, that report, is subject to judicial review? Burnett does not say that. No. There is not. The only decision that has said that it isn't subject to judicial review is Gibson, and Gibson is wrong for any number of the reasons we said in the brief. Maybe correct me if I'm wrong. It seemed to me all the cases that you were citing were cases where the report was taken and then used by an agency to adjudicate a decision, whereas in this case we have a report was made and then the regulations say it can't be used for anything other than correcting problems at the airport. No, it's actually the reverse. The only thing the regulation says – and I'm sure agencies would love to draft their own regulations that insulate themselves from judicial review. That's not what operates. It's 1153. But there are – Agencies can promulgate certain kinds of regulations that insulate themselves from review. For example, procedural requirements beyond what the statute says or the APA requires. The agency can go there or not, and if they don't go as far as you would prefer, we don't have any review on Vermont yet. Agencies do all kinds of regulations that effectively limit what we can review. Understood. But you begin by looking at the statute, which is 1153A, which says that any person that discloses a substantial interest in the final order has the right to petition for review. And we are clearly a person that has – Well, you're assuming something about final order, so that's the problem. I believe we have demonstrated that there's both the consummation of agency decision-making and there are rights and liabilities, and it has altered the legal – You didn't ask for any rebuttal time, but I'm assuming you'd like some. I would love some rebuttal time. We'll give you about two minutes. Thank you so much. All right, thank you. May it please the Court, my name is Howard Scherer. I represent the FAA and the NTSB in this matter. To start with your first question, Judge Griffith, about final order, we don't even think this is an order because it doesn't fix any legal consequences, change any relationship, or impose an obligation. And I think that's where the Gibson court went in its decision in the Ninth Circuit. And furthermore, Gibson was a case exactly like this in its posture, where there was a petition for reconsideration many years after the original incident, and the Court found in that case that both the denial of the reconsideration, or I should say neither the denial of the reconsideration nor the original probable cause determination, was an order, and certainly not a final order, and is not subject to review and dismissed for lack of jurisdiction. Can you focus on just the petition for reconsideration issue as to why that is not a final agency order? Just the fact that you denied reconsideration. I know they want to get behind the order, but it seems to me that commonly when agencies deny reconsideration, that is an order, a final order of the agency. It has a legal consequence of refusing to reconsider or reopen something. So it doesn't have a real legal consequence any more than the original probable cause determination, because all it's doing is saying effectively in this case, we are not going to reconsider our original probable cause determination. And I don't see, and Gibson said the same thing, you can't make yourself better by simply filing a petition for reconsideration and then getting a decision, and then somehow getting something more reviewable than the original probable cause determination. Well, you may not be able to get, I mean, there's a separate question about whether that lets you leapfrog back to the original order, but imagine if the agency just had an entirely arbitrary rule for whether it would grant or deny petitions for reconsideration. We'll throw it up in the air. If it lands on this side of the line, we grant. This side, we deny. Would that not be a final order that would be reviewable? So Gibson didn't – Just the denial. I want to answer it this way. In Gibson, the concluding paragraph was that it's not reviewable, period, because it's not an order. But if you were to ask me to choose plan B, fallback position, I would say – Well, just explain to me, other than saying that's what the Ninth Circuit said, as a matter of logic, why under the Administrative Procedure Act generally, or this statute in particular, the order denying reconsideration is not itself a final order, putting aside how far back it lets them look. Because, in fact, it doesn't fix any legal obligations. It's denied them reconsideration. Yes, and that's all. The regulations say you can file a petition, and we've said you couldn't do it. Just like if DHS denies an alien's application for reconsideration of an immigration decision. But then there's the secondary effect of then that person has lost a right, or it has fixed a right regarding – Well, they already lost it in the prior order. They just didn't reopen or reconsider when I asked them to. All right. So the original decision regarding whatever fixing of legal rights is then still in effect in the hypothetical, which doesn't exist here because the original probable cause determination fixed no legal rights or ended with any legal consequences on Mr. Joshi. If they just thought you were arbitrary in how you denied petitions for reconsideration, what is the standard of review? I assume it's incredibly deferential. Or would you say it's entirely committed to agency discretion whether you want to reconsider one of these things? Yes, I think it is committed to agency discretion. I know this court has had a line of cases in which you talk about failure to follow procedures. But I think, as Judge Edgeworth says in Chiron, this is a unique situation. This agency performs a unique set of circumstances. It's independent, and its duty is to investigate plane, in this case airplane accidents, determine the probable cause but not fix any legal rights or responsibilities or obligations. And the idea is, if recommendations are appropriate, they weren't in this case, to make recommendations both to the industry or the person who owned the airplane, the person who manufactures the engine, or to the FAA, recommendations. And we do in appropriate cases. And about 82% of the time right now those recommendations are complied with. But don't your regulations allow a petition for reconsideration? They do. Okay. So, I mean, that's the little bit weird piece in this case. It's a procedural right that the agency is given. The statute doesn't necessarily require, as far as I can tell. So the question is, if you've given a procedural right, do they not have a right? And you say, no, we're not going to allow it. That doesn't mean you're wrong. The question is, do they have a right to challenge that? Because at least with respect to the right that you've given, which you didn't have to give, the right to petition for reconsideration, you deny it. That might be reviewable. That certainly would be a very deferential standard of review. And it does not mean that the final product is otherwise reviewable. It might only mean that if someone was to challenge your denial of petition for reconsideration, they might be able to. You can't go any further. So let me answer again, starting with Gibson. Gibson, I think, addresses that very clearly at the end and says, no, it would not be reviewable. Yeah, but the question is why. And then, well, I think because of what it said about the legal consequences part of the equation. That is to say, no matter how you slice it, there is no determination other than a probable cause determination. No, no, the right that's being asserted in the petition for reconsideration is I want to ask you to look at this again. And the agency has said, you have that right. You can ask us to look at it again. You have something concrete. We're giving it to you. And you deny it. You say no. That doesn't mean that you lose. But can someone not come in and say, they said I have a right to petition for reconsideration, so they have to consider it reasonably. They didn't. And then we go to the standard of review. You would argue it's very deferential. We deny it. And your argument would then be, as I understand you, that's it. It's over. They can't challenge the original decision that they wanted reconsideration on. They got their review on the denial of reconsideration. That's it. If you're suggesting that that's all there is to it, that did they get their review on reconsideration, as a fallback position, I would agree with that, Your Honor. And I think Barnhart v. Levine, a case we did not cite, but in anticipation of a question like that, which involved the Office of Special Counsel, where the Office of Special Counsel can decide, has the authority and duty to investigate matters that involve prohibited personnel practices. This Court said, at the very least, there's an obligation on the Office of Special Counsel to do what the statute required it to do. But beyond that, if it doesn't do that, mandamus might serve to require it to do what it's required to do procedurally. But beyond that, on the substance, there's no review. I understand what the Ninth Circuit, I think, was assuming something. And out of caution, they said, no, none of it's reviewable, because they assumed that if someone could file a petition for reconsideration, at the end of that, that would mean review of the whole matter. I don't think it necessarily follows. I think they're separate questions. For example, you write a rule that says you have a right to petition for reconsideration. Someone comes in and says, we want you to reconsideration. You say, get out of here. We've got other things to do. Well, you know, you've trapped yourself, because you wrote the regulation. Can't they say the least they have to do is hear what we have to say? So I would say it's still not in order, and that— I understand your argument on that. Okay. But it's your rule, and you created a right. That's right. And I would say that it still doesn't resolve into an order, but what it does allow, perhaps, is a mandamus action to require us to do the very thing that we provided in the regulation, namely consider the reconsideration petition. But I certainly think that your guidance in the Chiron case suggests that we're now getting embroiled in the very kinds of things that detract from the actual investigations that we have to do. And so if you— Is there no redress for someone if your investigation is careless and reckless and injures someone's reputation? What redress do they have? Well, I don't—I can't accept the premise that it injures a reputation. I think the problem— Hypothetically. Okay. You can imagine a case where it does, and what redress would apply to that? It's difficult for me to imagine, but assuming that, I would say there is no redress. We don't have an order. Again, I'm harping on the very definitions of order that this court has established in Mendoza v. Perez more recently, but state extensions and so forth where the court has said an order changes obligations, fixes legal rights, or has a legal consequence. How did the report in Tozzi actually affect legal rights? Other agencies, state or federal, might or might not pay attention to our report, but nothing in the law obligated anybody to attach legal consequences to the report. It was just, here's the federal government's views. We think it causes cancer. Right. I do think that the difference is there was the possibility, potentially, of other agencies, which is a little vaguer than in the no hazard hazard cases where the potential was great, that other agencies would use FAA terminations. No, I was going to talk about Tozzi, though. The potential, but do we know that no one else in the federal government attaches any consequence, not legal consequences, but takes things that then have, in response to these reports, or do state governments attach any legal consequence, not as in a liability, like they can't under the statute, but just legal consequence? We take it seriously, and legal things follow from it. I'm aware of none. I asked the FAA and the NTSB those questions. They're aware of no other consequences in the vein that you're discussing, like the hazard no hazard determinations where some state agency might use or will use, in fact, the no hazard determination to grant a permit or not. None of that, as far as I know. I guess I'm just trying to figure out, because Tozzi just said, look, you know, it's bad for business to have the U.S. government officially report, put on its website, that something we make has an ingredient that, in their determination, causes cancer. It's just bad for business. It hurts our pocketbook. And here they seem to be saying the U.S. government, with all of its authority and all of the force of its voice, has gone on its website and said, Georgina Joshi killed five people, and that, as a father, as a parent, as executive of her estate and protecting her name, that hurts. It may not be a pocketbook injury, but that hurts. Why isn't that a standing injury? So this Court has said emotional injury, for one, is not sufficient for, well, we're into standing. But in terms of that very question, there isn't, well, first let me say that on the NTSB website, if you go to the factual report and the probable cause determination, there is no name associated with either of those. As my colleague said, you have to. . . Easy enough to figure out on the Internet. Well, that's the point. I think it's very important to note that, in fact, this is just a general probable cause consideration by the NTSB. It welcomes further evidence to reconsider whether the original probable cause determination is or is not appropriate or still valid. And it always, according to 49 CFR 845.51, keeps these matters open. And so now I'm finally to the final order part of the order, to the extent that in this unique situation where probable cause determinations are not closed, because the agency does want to perfect the information, after all, air safety is at stake, it doesn't close the investigation. It continues to be open. And I think that's a key reason of not stating why. . . And they say, we think we have a suspect. Has anyone seen Mr. X? And it's an ongoing investigation. They're not done. There's nothing remotely final about it. And then it turns out, of course, it wasn't Mr. X. And meanwhile, his reputation has been shattered, because the federal government came out in a tentative statement and said, we think there's probable cause to believe that X caused a bad thing to happen. I'm not sure exactly whether that would be APA review or NTSB review, some sort of special statute. I guess I'm going to go back to the start, just with the stand-by. As Judge Edwards said in the Chiron case, there's no injury traceable to probable cause determinations, because all they're done for is to enable air safety to be improved. They're not done to settle on any legal liabilities or any relationships amongst parties, whether out there and unknown or those that we know of who participated in the investigation. If Georgina and Joshi were still alive, and let's imagine this completely hypothetical, you had a completely corrupted investigation, driven by some aircraft company or some parts company, and she had all this evidence, it was completely corrupted, there was no basis, it wasn't even colorable or plausible to blame her for it, would she have any injury from the fact that this report was still out there? Would she have any injury and would she have any remedy? So my answer is no. And her ability to present the evidence to the NTSB puts it out on the NTSB website. In fact, she can provide her, as was the case here, their own study and report saying what they think is appropriate. You put that on the website next to your own private report? No, but it's available on the public docket. No, so it's not next to our report, to be clear. But it is on the public docket. You can put conflating the Tozzi-type reputational injury, which was well-pled, I'm not sure the reputational injury has been well-pled here, but in any event, with the requirement of finality, you can have standing and still not be able to pursue a claim. That happens all the time. Article III standing, in some senses is hard, in some senses is easy. And the Supreme Court has said there are cases where you can have Article III standing or you may not be in the zone of interest, you may not have finality, whatever your argument is whether or not there is Article III standing theoretically here that they've made some showing on reputation. They have no final order to go after. That's correct. And in addition, if I may, I see I'm over my time, if I may say as to the reputational injury, I see the reputational injury seems to focus on Mr. Joshi, not Georgina, in his brief. He's talking about reputational injury to himself, and I think that's because under Indiana law her reputation, unfortunately, has no injury to it now that she's dead. See, the other thing that's coming is creeping in and creeping out in this case is the suggestion that you have these findings so that the agency can make reports or not that may be appropriate with respect to safety. Well, I think under standing law, they have no standing to come in and insist that the agency is not doing its job well enough with respect to advising other government agencies. I just don't see how you get standing there. We say that you can't come in and compel the agency to do a better job than what they're doing. That's correct, Your Honor. That is our basic position that, in fact, but it's combined with the notion that there's no order here and no final order. Final order is what you're strongly arguing. That's correct. Standing stuff is coming in and out. Well, and then because we don't think this is an order, I think we started our brief purposely with that, and we'll have in the standing argument much later. In between, of course, we said on the APA issues, those are committed to agency discretion completely by the law and the regulations so that, in fact, if you do find that there's some sort of review in this case, it wouldn't be under the APA. It would be under 49 U.S.C. 1153. Then, in fact, using APA type standards to review, there would be no way in which manageable standards for this court to judge what the NTSB has done. If there are no further questions, I'd ask the court to dismiss the petition for review on the basis that there's no jurisdiction. Thank you. Mr. Casey. Thank you, Your Honor. I'm struck by the fact that the NTSB is essentially arguing that its most important task has no consequence, which is essentially what they have to be doing in order to say that they're- I don't think that's what they said. They said no legal consequences, and that's a term barred. Jury speeches don't work. I understand, Your Honor. What I'm trying to say is that they do have substantial consequences. But to get to his discussion of Chiron, this is in no way Chiron. In Chiron, we're essentially the anti-Chiron Judge Edwards. In Chiron, the people that were seeking review were parties to the investigation and therefore have waived any rights to information. We are expressly not parties to the investigation. In addition, they professed that their injury that they would suffer was that it would damage them in ongoing or future civil litigation. That's in no way what we're talking about here. So the issues that Chiron turned on have nothing to do with this case here. Going back to Gibson, Gibson really is an opinion that there's a reason why it hasn't been cited in 17 years. It ignores the presumption of reviewability of agency action. It says that the-it focuses on the question with regard to determined consequences purely from the lens of lack of admissibility in a civil jury trial. And that is not at all the only-that's not where we are in any way. This is not going to be used in a civil jury trial. And as we've said, we have-there are obligations that would have accrued had they done their job and come up with safety recommendations. And in addition, there are legal rights, for example, you know, not to be-not to be, you know, accused of being the killer of five people. And the information that an adequate investigation would have resulted in, which would be safety recommendations for the airplane that he spoke flies into. Great. Thank you very much. We have your argument. The case is submitted.
judges: Griffith, Millett, Edwards